## CONFIDENTIAL STIPULATION AND AGREEMENT

This Agreement is made and entered into as of this **26** day of **June**, 2016, by and between James D. Sallah ("Receiver"), not individually, but solely in his capacity as court-appointed Receiver for JCS Enterprises Inc., d/b/a JCS Enterprises Services Inc. ("JCS"), T.B.T.I. Inc. ("TBTI"), My Gee Bo, Inc. ("Gee Bo"), JOLA Enterprise, Inc. ("JOLA"), and PSCS Holdings, LLC ("PSCS") (collectively, the "Receivership Entities"), on the one side, and MICHAEL FURFARO and MAF GIANTS, INC. (collectively, "Releasee"), on the other (the Receiver and Releasee shall be referred to collectively as the "Parties").

### RECITALS

WHEREAS, the Receiver was appointed by the United States District Court for the Southern District of Florida (the "Court") as Receiver for JCS, TBTI, Gee Bo, JOLA, and PSCS, pursuant to the Court's Amended Receivership Order dated April 7, 2014; the Court's Order on the Receiver's Emergency Motion to Expand Receivership to Include My Gee Bo, Inc., dated April 14, 2014; the Court's Order on the Receiver's Motion to Expand Receivership to Include JOLA Enterprises, Inc. and PSCS Holdings, LLC, dated December 11, 2014; and was reappointed as Receiver for the Receivership Entities by the Court on December 12, 2014 (collectively, the "Receivership Order") in the action styled: *Securities and Exchange Commission v. JCS Enterprises, Inc., et al.*, Case No. 14-cv-80468-MIDDLEBROOKS/BRANNON (S.D. Fla. Apr. 7, 2014);

WHEREAS, under the express terms of the Receivership Order, the Receiver is authorized to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities, their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in the Receivership Entities, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute §726.101, *et seq.*, or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce the Receivership Order;

WHEREAS, the Receiver contends that the Receivership Entities transferred to Releasee the total sum of **REDACTED** in excess of the amounts Releasee invested in the Receivership Entities, representing so-called "profits" (the "Profits");

WHEREAS, the Receiver has the right to avoid the transfers of the Profits as fraudulent transfers (the "Alleged Fraudulent Transfers") which are avoidable pursuant to the Florida's Uniform Fraudulent Transfer Act, Florida Statues, Section 726.01 *et seq.*;

WHEREAS, the Receiver has commenced a lawsuit against Releasee in the case styled as *James D. Sallah, not individually, but solely in his capacity as Court-Appointed Receiver for JCS Enterprises Inc., d/b/a JCS Enterprises Services Inc., T.B.T.I. Inc., My Gee Bo, Inc., JOLA Enterprise, Inc., and PSCS Holdings, LLC v. 4-1-1 Group, Inc., d/b/a 4-1-1 Hitting Group, Inc.*, et al., Case No. 17-cv-80584-RLR (S.D. Fla. May 8, 2017) (the "Action");

WHEREAS, the Parties desire to amicably resolve their disputes concerning the Alleged Fraudulent Transfers and avoid the expense and uncertainty of litigation;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree as follows:

## AGREEMENT

1. The foregoing recitals are true and correct. By entering into this Settlement Agreement, Michael Furfaro does not admit to any wrongdoing, and no adverse inference should be drawn by Michael Furfaro's entering into this Agreement.

2. Releasee shall pay **REDACTED** **REDACTED** to the Receiver in readily accessible funds payable to "James D. Sallah, Esq., as Receiver" delivered to the attention of Jeffrey L. Cox, Esq., Sallah Astarita & Cox, LLC, One Boca Place, 2255 Glades Rd., Ste. 300E, Boca Raton, FL 33431 (collectively, the "Settlement Payment(s)"), as follows:

   a. **REDACTED**

   b.

   c. Pending court approval, as set forth below, the Parties agree and acknowledge that the Receiver shall hold the Settlement Payment(s), as applicable, in trust.

3. **This Agreement is subject to Court approval.** Upon the receipt of the executed copy of this Settlement Agreement, the Receiver will file a motion seeking approval of the Settlement Agreement by the Court.

4. In the event the Court fails to approve this Agreement, the Receiver's counsel shall return the Settlement Payment to Releasee at the address provided by Releasee, and this Agreement, including the Release of Releasee, below, shall be void.

5. A default shall be deemed to occur hereunder in the event Releasee fails to make any of the Settlement Payments as and when due hereunder. **Time shall be of the essence hereunder**.

   a. In the event of default, Releasee agrees that the Release in Paragraph 9, below, shall be void and that the Receiver shall be entitled to the immediate entry of a final judgment against Releasee, jointly and severally, in the amount of **REDACTED** less any payments made by Releasee hereunder, plus post-judgment interest and costs, as well as attorneys' fees incurred following such event of default (the "Judgment").

   b. Prior to seeking entry of the Judgment the Receiver shall provide written notice to Releasee via U.S. mail, electronic mail, or overnight delivery of the Receiver's intention to seek the Judgment and Releasee shall have ten calendar (10) days from the date of the Receiver's notice to cure the default.

   c. In the event the default is not timely cured by Releasee, the Receiver shall be entitled to the entry of the Judgment and Releasee shall be deemed to have waived any defenses they may have to the enforcement of this Agreement or entry of the Judgment and no hearing shall be required.

6. Releasee agrees to pay all filing fees and similar charges and all costs incurred by the Receiver in obtaining the Judgment, including reasonable attorney's fees, whether or not involving litigation and/or appellate, administrative, bankruptcy or insolvency proceedings.

7. Except as to any provisions to the contrary herein, each party agrees to bear the expense of its, his, or her own attorneys' fees and costs. However, nothing contained herein shall preclude the Receiver from seeking payment of his attorneys' fees and costs in any other action, as permitted, against any person not a party to this Agreement.

8. **Release of Receiver**. The Releasee agrees to forfeit, waive, remise, release, acquit, satisfy and forever discharge (the "Release") the Receivership Entities, as well as their successors, predecessors, assigns, agents, attorneys, and employees, and the Receiver, as well as his heirs, executors, successors, affiliates, predecessors, assigns, agents, attorneys, and employees, of and from any action or actions, cause and causes of action or suits which the Releasee has or had against the Receivership Entities or the Receiver for any claims, whether known or unknown, relating to the Receivership Entities, including any claims the Releasee may have filed.

9. **Release.** In consideration for the Settlement Payments and the Release of the Receiver, the Receiver, on behalf of the Receivership Estate, hereby remises, releases, acquits, satisfies and forever discharges Releasee of and from any action or actions, cause and causes of action or suits which the Receiver has or had against Releasee for the return of the Alleged Fraudulent Transfers as defined in this Agreement, or for any other matter, cause, or thing for events occurring from the beginning of time to the date of this Agreement. This paragraph shall

not be construed as releasing Releasee from any of their obligations hereunder, which obligations shall survive the execution of this Agreement.

10. **Confidentiality**. The terms of this Agreement shall be deemed confidential for one-hundred twenty (120) days after the date the Court approves this Agreement or such other time as the Court may so order.

   a. During that time period, the parties agree not to disclose or disseminate the terms of this Agreement to any person except as may be necessary for the preparation of financial statements or tax returns, or as may be required by law or by valid order of court or to effectuate this Agreement.

   b. Nothing in this Agreement shall, however, be deemed to interfere with each party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies, including the federal courts or to disclose the terms hereof to their lawyers, accountants, other agents acting on his, her, its, or their behalf.

   c. In the event the U.S. Securities and Exchange Commission requests information concerning this Settlement Agreement, the Receiver may disclose information concerning the negotiations and terms of this Settlement Agreement with the understanding that the U.S. Securities and Exchange Commission, its agents and employees, shall maintain such information as confidential.

11. This Agreement may be executed in any number of counterparts, and each such counterpart shall for all purposes be deemed to be an original.

12. This Agreement shall be deemed the joint product of the Parties to this Agreement and shall not be construed against any party as the drafter.

13. This Agreement constitutes the entire Agreement between the Parties with respect to the subject matter hereof, and any prior oral or written statements concerning this subject are merged herein.

14. This Agreement may be amended only by written agreement signed by the Parties to the Agreement.

15. This Agreement shall be governed by the laws of the State of Florida.

16. Any dispute arising out of, or related to, this Agreement shall be exclusively and solely heard, determined, and adjudicated by the United States District Court for the Southern District of Florida.

17. Notice shall be deemed provided to Releasee by furnishing notice, by overnight delivery, to Joseph G. Sconzo, Esq., Kaplan & Sconzo, P.A., 3399 PGA Blvd., Ste. 150, Palm Beach Gardens, FL 33410.

18. Notice shall be deemed provided to the Receiver by furnishing, by overnight delivery, to Jeffrey L. Cox, Esq., Sallah Astarita & Cox, LLC, 2255 Glades Rd., Ste. 300E, Boca Raton, FL 33431.

Michael Furfaro

_____
Signature

STATE OF FLORIDA        )
                        )ss
COUNTY OF Palm Beach )

BEFORE ME, the undersigned authority, on the 26th day of June 2017, personally appeared Michael Furfaro, who is personally known to me or has produced dr. lic as identification, and being duly sworn, on oath, deposes and says that the foregoing is true, correct, and complete to the best of his knowledge, and that he has read the foregoing and knows the contents of all documents and information provided.

SWORN TO AND SUBSCRIBED before me this 26th day of June, 2017.

_____
KAARIN MATEVIA NOTARY PUBLIC STATE OF FLORIDA
MY COMMISSION # FF 149668
EXPIRES: October 9, 2018
Bonded Thru Budget Notary Services

My Commission Expires:
10.9.18

MAF Giants, Inc., by
Michael Furfaro, its President

_____
Signature

STATE OF FLORIDA        )
                        )ss
COUNTY OF Palm Beach    )

BEFORE ME, the undersigned authority, on the 26th day of June 2017, personally appeared Michael Furfaro, who is personally known to me or has produced dr. lic as identification, and being duly sworn, on oath, deposes and says that the foregoing is true, correct, and complete to the best of his knowledge, and that he has read the foregoing and knows the contents of all documents and information provided.

SWORN TO AND SUBSCRIBED before me this 26th day of June, 2017.

_____
NOTARY PUBLIC STATE OF FLORIDA

My Commission Expires:
10.9.18

James D. Sallah, Esq., not individually, but

solely in his capacity as Court-Appointed Receiver

_____
Signature

STATE OF FLORIDA        )
                        )ss
COUNTY OF Palm Beach    )

BEFORE ME, the undersigned authority, on the 26 day of June 2017, personally appeared James Sallah, who is personally known to me or has produced _____ as identification, and being duly sworn, on oath, deposes and says that the foregoing is true, correct, and complete to the best of his knowledge, and that he has read the foregoing and knows the contents of all documents and information provided.

SWORN TO AND SUBSCRIBED before me this 26 day of June, 2017.

_____
NOTARY PUBLIC STATE OF FLORIDA

Notary Public State of Florida
Andrew M Greenidge
My Commission FF 118772
Expires 05/04/2018

My Commission Expires:
5-4-18